THE STATE OF OHIO, APPELLEE, *v.* ROSA, APPELLANT.

(No. 53755 — Decided May 16, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Ann T. Mannen,* for appellee.

*Ignatius B. Trombetta,* for appellant.

KRUPANSKY, J. Defendant, Gerardo Rosa, a.k.a. Gerald Rosa, was indicted by the Cuyahoga County Grand Jury on one count, *viz.,* aggravated murder in violation of R.C. 2903.01 with one gun specification. Defendant

retracted a former plea of not guilty and pleaded guilty to the lesser included offense of murder in violation of R.C. 2903.02; the gun specification was deleted. Defendant was sentenced to fifteen years to life. Defendant was also ordered to pay $2,500 for funeral expenses to the victim's estate.

Defendant filed a delayed appeal with leave of court assigning two errors on appeal both involving the use of a court-appointed interpreter at the trial court proceedings.

Assignment of Error No. 1 follows:

"The court committed prejudicial error in failing to administer an oath to the interpreter as required by law."

Assignment of Error No. 1 lacks merit.

Defendant acknowledges and the record below reveals the trial court conducted a colloquy with defendant which would meet the requirements of Crim. R. 11(C) if defendant had a full understanding of the English language. However, defendant contends the plea was not knowingly, intelligently and voluntarily made because (1) defendant was born in Puerto Rico and lacked a sufficient knowledge of English to participate in the proceedings below without a court-appointed interpreter, and (2) the interpreter who was appointed at defendant's request was not sworn pursuant to R.C. 2311.14(B) and Evid. R. 604. This pertinent material follows:

R.C. 2311.14(B) provides:

"Before entering upon his duties, the interpreter shall take an oath that he will make a true interpretation of the proceedings to the party or witness, and that he will truly repeat the statements made by such party or witness to the court, to the best of his ability."

Evid. R. 604 provides:

"An interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation that he will make a true translation."

The Staff Note to Evid. R. 604 states:

"Rule 604 is identical to Federal Evidence Rule 604 and is in accord with prior Ohio law.

"Under prior Ohio law, the qualifications of an interpreter in a court proceeding was a matter within the sound discretion of the court. *Fennen* v. *State of Ohio* (1903), 1 Ohio Cir. Ct. N.S. 32. Rule 604 provides that the provisions of the rules relating to qualification of an expert are applicable to interpreters. An expert is one qualified by knowledge, experience, training or education. See Rule 702. Whether a witness qualifies as an expert is a matter for the determination of the court.

"*Under prior Ohio law, an interpreter was required to take an oath to translate properly to the witness and to the court. R.C. 2311.14(B). Rule 604 restates that requirement.*" (Emphasis added.)

Thus Evid. R. 604 does not alter the requirement of an oath as set forth in R.C. 2311.14(B).

There is no Ohio case law covering the failure to administer an oath to an interpreter. However, analysis of case law interpreting similar and/or identical state and federal rules and statutes reveals defendant's arguments are unpersuasive.

Defendant argues, *unlike* R.C. 2317.30 which sets forth the standard for administration of oaths to witnesses and which can be waived by failure to administer the oath, R.C. 2311.14 somehow creates a condition precedent for the administration of oaths to interpreters prior to allowing their services to be used in a court of law. Defendant unpersuasively states

this condition precedent prevents the state from arguing waiver.

R.C. 2317.30 provides:

"Before testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth."

A comparison of R.C. 2317.30 with 2311.14 indicates no appreciable difference between the requirement of each statute. The mandates of R.C. 2317.30 may be waived. A defendant is not permitted to raise the issue of unsworn witness testimony for the first time on appeal. "* * * [T]he rule is well-established that a party may not, upon appeal, raise a claim that the oath of a witness was omitted or defective, unless objection thereto was raised at trial. * * *" *Stores Realty Co.* v. *Cleveland* (1975), 41 Ohio St. 2d 41, 43, 70 O.O. 2d 123, 124, 322 N.E. 2d 629, 630. The rationale of the court in *Stores, supra,* applies with equal force to the interpreter situation. The *Stores* court reasoned if the party objecting in the court of appeals had objected at the hearing to unsworn testimony the chairman of the administrative board could have remedied the situation by administering an oath to the witness. By failing to call attention to this error below, the objecting party waived the right to appeal on this ground. Similarly in the case *sub judice* had defendant called attention to this error below, the trial court would have rectified the error by administering the oath to the interpreter.

In addition, federal courts interpreting Federal Evid. R. 604 which is nearly identical to its Ohio counterpart have held failure to object below to a failure to administer an interpreter's oath waives the right to assert that issue on appeal:

"It has long been the general rule that even a failure to swear a witness may be waived. This may occur either by knowing silence and an attempt to raise objection after verdict or by the mere failure of counsel to notice the omission before completion of the trial. If this be true of a witness, one who may and often does have an interest in the outcome of the trial and who may therefore require the admonition of an oath 'in a form calculated to awaken his conscience and impress his mind' with his duty to tell the truth, how much more so of an interpreter. Such court functionaries stand somewhere between an expert witness called by the court and the court reporter. As to such persons, the fundamental question is normally one of qualification, not of veracity or fidelity. In the absence of special circumstances, the latter qualities are assumed. No such circumstances appear here. The omission has been waived." (Footnotes omitted.) *United States* v. *Perez* (C.A. 5, 1981), 651 F. 2d 268, 273.

In the case *sub judice* although the interpreter was not sworn, the record reveals the requirements of Crim. R. 11(C) were substantially met. Furthermore, there is no evidence of the interpreter's lack of veracity or fidelity. Accordingly, Assignment of Error No. 1 is not well-taken and is overruled.

Assignment of Error No. 2 follows:

"The court committed prejudicial error in failing to qualify the witness who acted as an interpreter as an expert."

Assignment of Error No. 2 lacks merit and is overruled.

Under the mandates of Evid. R. 604, an interpreter must qualify as an expert under Evid. R. 702. See Staff Note to Evid. R. 604, *supra.*

Evid. R. 702 provides:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Again defendant failed to object

below and has, therefore, waived the right to claim any error on appeal regarding the expert qualification of the interpreter.

"An appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. (Paragraph one of the syllabus of *State* v. *Glaros,* 170 Ohio St. 471, approved and followed.)" *State* v. *Williams* (1977), 51 Ohio St. 2d 112, 5 O.O. 3d 98, 364 N.E. 2d 1364, paragraph one of the syllabus, vacated as to the death penalty (1978), 438 U.S. 911.

In the case *sub judice,* had defendant objected below, the trial court could have corrected the error by examining the interpreter as to his qualifications.

Furthermore, under the federal counterpart to Evid. R. 604, where a defendant consents to the appointment of an interpreter, defendant cannot challenge on appeal the trial court's failure to qualify that interpreter as an expert witness. See *United States* v. *Miller* (C.A. 10, 1986), 806 F. 2d 223. In the case *sub judice* because defendant affirmatively requested the appointment of an interpreter and failed to object to the trial court's not having qualified the interpreter as an expert witness, defendant cannot now for the first time on appeal claim error regarding the failure to qualify the interpreter as an expert witness. Accordingly, Assignment of Error No. 2 is not well-taken and is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ANN MCMANAMON and DYKE, JJ., concur.