OPINION
The defendant-appellant, Jose Guadalupe Rodriguez, brings this appeal from a judgment of conviction and sentence of the Marion County Court of Common Pleas, Criminal Division. For the following reasons we affirm the judgment of the trial court.
The pertinent facts and procedural history of the case are as follows. On July 19, 2000, the Marion City Police Department captured on videotape the appellant and his co-defendant, Manuel Mendoza (aka. Jose Santana Rodriguez), receiving a shipment alleged to contain approximately 24,626 grams of marijuana with a value of roughly $54,000.00. The marijuana was shipped via UPS from McAllen, Texas, to a vacant apartment in Marion, Ohio. Local officers intercepted the shipment from UPS, and then completed delivery through an undercover officer dressed as a UPS driver. When the shipment arrived, it was addressed to the name of Antonio Silva. Mendoza accepted delivery of the package and signed a fictitious name on the UPS delivery document. Immediately following delivery, officers converged upon the apartment and entered it with a search warrant. Inside, the officers found and arrested Rodriguez and Mendoza. The packages delivered by the undercover officer were recovered from an overhead loft within the apartment in the condition in which they were delivered.
In a joint trial before a jury, Rodriguez and Mendoza were found guilty of Possession of Marijuana in an amount exceeding 20,000 grams in violation of R.C. 2925.11(A)/(C)(3)(f). Pursuant to RC 2925.11(C)(3)(f), each were sentenced to a mandatory term of eight years in prison.
The appellant now appeals, asserting the following five assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in joining Defendant-Appellant's case with that of the codefendant, Jose Santana Rodriguez at trial.
 ASSIGNMENT OF ERROR NO. II Defendant-Appellant was denied his Sixth Amendment right to the effective assistance of counsel by defense counsel's failure to request a severance of defendants at trial.
 For his first two assignments of error, Rodriguez claims that his trial should have been held separately from his co-defendant's trial. He argues that the trial court erred by failing to sever the trial and that he was denied his Sixth Amendment right to the effective assistance of counsel by defense counsel's failure to request a severance of defendant's trial. For the following reasons, we disagree.
The law favors the joinder of defendants and the avoidance of multiple trials because joinder "conserves judicial and prosecutorial time, lessens the not inconsiderable expense of multiple trials, diminishes inconvenience to witnesses, and minimizes the possibility of incongruous results in successive trials before different juries."[1]
Additionally, R.C. 2945.13 provides that two or more persons who are jointly indicted for a felony shall be tried jointly unless the court, for good cause, orders one or more of the defendants to be tried separately.[2] On the other hand, Crim.R. 14 provides that if it appears that a defendant is prejudiced by a joinder of defendants, the court should grant a severance.
Rodriguez argues that the trial court should have considered whether or not the evidence relative to defendant-apellant was "direct and uncomplicated, so that the jury [would have been] capable of segregating the proof as to each defendant."[3] He maintains that the record is replete with instances where neither defendant is specifically identified, as in the testimony of the Spanish-speaking witness. We allow that translated testimony can be difficult to follow. Yet, our review of the record reveals that none of the testimony in the present case was so garbled and uncertain that a juror could not discern the acts and actors involved. It also indicates that, as to each defendant, the crime alleged involved the same act, the same witnesses, and the same evidence. To have tried the co-defendants' cases separately would have resulted in nearly identical trials, an inefficient misuse of judicial and prosecutorial time and resources without any advantage to Rodriguez.
Furthermore, Rodriguez never requested that his case be severed from the case of his co-defendant. Where an error is alleged on appeal but was not objected to during the course of the trial, the issue cannot be raised unless it is plain error.[4] Plain error requires that the error be clear or obvious and that the error more than likely would have affected the outcome of the proceedings.[5] Due to the fact that the law prefers the joinder of defendants and the avoidance of multiple trials, and the fact that Rodriguez never objected to the decision to hold the trials jointly, we find appellant's argument that the trial court erred by trying the co-defendants together to be without merit.
In support of his claim for ineffective assistance of counsel, Rodriguez cites State v. Bradley[6] which provides that "to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Aside from claiming that the result would have been different, Rodriguez offers no facts from the present case to fortify this bare assertion.
The standard of review for a claim of ineffective assistance of counsel is well-settled. To successfully present a claim, a party must meet the two-prong test set forth by the United States Supreme Court in Stricklandv. Washington.[7] "Reversal of a conviction for ineffective assistance requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial."[8] A claim may be dismissed for appellant's failure to satisfy either prong.[9]
The Supreme Court of Ohio has held that counsel's performance is deficient if it falls below the objective standard of reasonable representation.[10]
The appellant carries the burden to prove that his case was prejudiced by trial counsel's failure to request a severance.[11] In the present case, Rodriguez has failed to offer any evidence to support the argument that his trial counsel's performance was objectively unreasonable, and offered no facts to prove that his defense was antagonistic with his co-defendant's. We note that a reviewing court need not analyze defense counsel's strategical and tactical decisions that rest well within the range of professionally reasonable judgment.[12] Nevertheless, we recognize that Rodriguez's trial counsel may have wisely determined that his chance of successfully requesting a severance from the co-defendant's trial was slim.
 Because Rodriguez has not shown that trial counsel's performance was deficient, we need not ask whether the alleged deficient performance deprived him of a fair trial.
Accordingly, for the aforementioned reasons, appellant's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred in sentencing Defendant-Appellant for a felony of the second degree where the evidence did not clearly prove the amount of the drug involved.
 In his third assignment of error, Rodriguez contends that the prosecution never established the weight, in grams, of the marijuana beyond a reasonable doubt. R.C. 2925.03(C)(3)(f) provides that if the amount of the drug involved exceeds 20,000 grams, trafficking in marijuana is a felony of the second degree and an eight year mandatory prison term is imposed. In the case at bar, the jury was instructed to determine the amount of marijuana involved. The jury checked the box on the verdict form to indicate that the amount of marijuana exceeded 20,000 grams.
Our standard of review "is whether, after reviewing the evidence in a light most favorable to the prosecution, a reasonable jury could have found the essential elements of the crime beyond a reasonable doubt."[13]
We must remember that the weight afforded the evidence and the credibility of witnesses rests within the province of the jury.[14]
Where the record reveals that a conviction was based upon sufficient evidence, an appellate court may not reverse a jury verdict.[15]
The marijuana was wrapped in eight different compressed blocks and shipped in two boxes. Appellant points out that only one block of marijuana was cut in half in order to be weighed. The largest block was sawed in half because it was too heavy for the scales. The other blocks were never cut in half or otherwise dissected to determine whether they contained solely vegetable material, or whether they were contaminated with other vegetable materials or objects.
The jury based its decision, in part, upon the testimony of the State's expert, the Director of the Mansfield Police Department Crime Laboratory, who has examined marijuana and other controlled substances for eighteen years. Throughout his career as a forensic scientist, he has chemically analyzed controlled substances on a daily basis and has testified as an expert witness over 175 times. Based upon his analysis of the marijuana, he concluded that there was approximately 24,626 grams of marijuana in both packages, though he acknowledged that it was possible that a metal object could have been placed within the blocks. Rodriguez offered no expert testimony to contradict the state's expert. Nor did Rodriguez conduct his own tests to determine the weight of the marijuana.
 In light of the evidence and testimony within the record, we find that the jury had before it sufficient evidence upon which to base its verdict which stated that the amount of marijuana exceeded 20,000 grams. Accordingly, Rodriguez's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court erred in convicting Defendant-Appellant when proof was allowed through the non-verbatim translations of an interpreter.
 In his fourth assignment of error, Rodriguez maintains that the trial court erred by allowing the jury to consider the testimony of a Spanish-speaking witness as translated through an interpreter.[16] The interpreter, who has translated for approximately twenty years, took an oath to correctly and accurately translate the witness' testimony. Rodriguez argues that the translations were frequently non-verbatim, and were elicited following lengthy conversations between the interpreter and the witness. Rodriguez claims that the record speaks for itself on how the jury must have been bewildered by the testimony.
Our review of the record reveals that no objections were made to the interpreter's translation of the witness' testimony. Unless the error is plain error, it is waived unless objected to.[17] With regard to the plain error doctrine, this Court has followed State v. Long[18] which "stated that the plain error doctrine will only be invoked under exceptional circumstances and only to prevent a manifest miscarriage of justice."[19] This same principle has been applied by our sister courts when allegations were raised as to an interpreter's qualifications or adequacy and where no objections were raised to bring such issues to the trial court's attention.[20]
 In the present case, Rodriguez offered no objections concerning the interpreter's translation of the witness' testimony. The trial transcript fails to indicate that the interpreter's translations were inadequate or confusing in such a manner as to prejudice the outcome of the case. We cannot find that the interpreter's translations created confusion which amounted to plain error; therefore, Rodriguez's failure to object to the translated testimony waives the error. Accordingly, Rodriguez's fourth assignment of error is not well-taken and is overruled.
 ASSIGNMENT OF ERROR NO. V The prosecutor engaged in prosecutorial misconduct by comments in closing argument prejudical (sic) to Defendant-Appellant's ability to secure a fair trial.
In his fifth and final assignment of error, appellant alleges that the prosecution improperly commented on appellant's defense during the rebuttal closing argument. Specifically, Rodriguez objected to the following remarks by the prosecution which pertained to the presentation of evidence and witnesses:
 "Defense counsel will stand up and say, `There's not enough evidence,' because that's what they're paid to do."
 "We allow both sides to present whatever evidence is relevant in this case. We have the burden of proving the Defendants guilty beyond a reasonable doubt, make no mistake about that. Both sides have the opportunity to subpoena witnesses."
 "Both sides have the opportunity to have testing done if that's necessary."
Rodriguez contends that the remarks were inappropriate, that they were intentionally made to improperly influence the jury, and that they improperly suggest that he should have taken the stand to testify. We disagree.
The test concerning prosecutorial misconduct is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant.[21] An appellate court should consider several factors in making this determination: "(1) the nature of the remarks, (2) whether an objection was made by counsel, (3) whether corrective instructions were given by the court, and (4) the strength of the evidence against the defendant."[22] The reviewing court should also ask whether the misconduct was an isolated incident in an otherwise properly tried case.[23] A prosecutor's misconduct will not be considered grounds for reversal unless the misconduct has deprived the defendant of a fair trial.[24]
In the case at bar, the prosecutor's remarks were made in the rebuttal portion of his final argument. Defense counsel objected to each of the above quoted portions of the prosecutor's rebuttal. Following an objection to the prosecutor's "that's what they're paid to do" remark, the court advised the prosecutor to keep his personal opinion comments to a minimum and to move on. The court overruled the defense counsel's objections to the other comments and was within its bounds to afford the prosecutor wide latitude. Over the course of the trial, the prosecution built a strong case against the defendant which Rodriguez did not counter with his own witnesses or evidence. In total, the alleged misconduct was an isolated incident in an otherwise properly tried case, and we cannot conclude that such minor misconduct deprived the defendant of a fair trial. Therefore, Rodriguez's fifth assignment of error is overruled.
 _________________ WALTERS, P.J.
HADLEY and BRYANT, JJ., concur.
[1] State v. Thomas (1980), 61 Ohio St.2d 223, 225; State v. Bordeau(April 7, 1988), Franklin App. No. 87AP-688, unreported; State v.Daniels (1993), 92 Ohio App.3d 473.
[2] See, also, Crim.R. 13.
[3] State v. Parker (1991), 72 Ohio App.3d 456, 460.
[4] State v. Long (1988), 53 Ohio St.2d 91.
[5] State v. Underwood (1983), 3 Ohio St.3d 12; State v. Ballew
(1996), 76 Ohio St.3d 244.
[6] State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus.
[7] Strickland v. Washington (1984), 466 U.S. 668. See, also,Bradley, 42 Ohio St.3d 136.
[8] Ohio v. Jones (2000), 90 Ohio St.3d 403, 407, citing Strickland,466 U.S. 668. Accord Bradley, 42 Ohio St.3d 136.
[9] Strickland, 466 U.S. 668.
[10] Bradley, 42 Ohio St.3d 136.
[11] State v. Torres (1975), 51 Ohio App.2d 132.
[12] State v. Robinson (1996), 108 Ohio App.3d 428; State v. Walker(1993), 90 Ohio App.3d 352; Strickland, 466 U.S. 668.
[13] State v. Martin (1986), 21 Ohio St.3d 91, 94, citing Jackson v.Virginia (1979), 443 U.S. 307.
[14] Id.
[15] State v. DeHass (1967), 10 Ohio St.2d 230.
[16] Ohio law provides for the use of interpreters. See R.C. 2311.14; Evid.R. 604.
[17] Crim.R. 52(B).
[18] Long, 53 Ohio St.2d 91.
[19] State v. Carpenter (March 22, 1996), Union App. No. 14-95-28,unreported.
[20] State v. Rivera (1994), 99 Ohio App.3d 325; State v. Rosa
(1988), 47 Ohio App.3d 172.
[21] State v. Lott (1990), 51 Ohio St.3d 160.
[22] State v. Braxton (1995), 102 Ohio App.3d 28, 41.
[23] Id.
[24] Id.