DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Ramon Bueno Chavez, pled no contest to five charges related to drug trafficking. From that judgment, Bueno Chavez raises the following assignments if error:
 {¶ 2} "I. The trial court erred in failing to ensure that Appellant's no contest plea was knowing and voluntary, where the translator spoke Cuban, not Mexican Spanish: The Rule 11 examination was insufficient to ensure that Appellant understood, inter alia, his plea, as well as that his exposure was not four, but 12 years of imprisonment.
 {¶ 3} "II. The trial court erred prejudicially when it denied Appellant's motion for post-conviction relief and to vacate plea, without a hearing."
 {¶ 4} On January 17, 2001, appellant, along with three co-defendants, was charged in a seven count indictment with five offenses all related to drug activity. Counts 1, 3 and 5 of the indictment charged appellant with possession of cocaine in violation of R.C. 2925.11(A) and (C)(4)(f), Count 4 charged appellant with trafficking in cocaine in violation of R.C. 2925.03(A) and (C)(4)(g), and Count 6 charged appellant with possession of criminal tools in violation of R.C. 2923.24. In addition, Counts 1, 3, 4 and 5 all included major drug offender specifications pursuant to R.C. 2941.1410. Appellant is a citizen of Mexico and does not speak English. Accordingly, early on in the proceedings, after appellant was appointed trial counsel, appellant filed a motion for the appropriation of funds to hire a translator from the International Institute of Toledo. The trial court granted that motion.
 {¶ 5} On June 4, 2001, the date on which the case was scheduled to proceed to trial, appellant appeared in court with his trial counsel and translator, withdrew his previously entered not guilty pleas and entered pleas of no contest to Counts 1, 3, 4, 5 and 6 of the indictment. Prior to taking appellant's pleas, the lower court ordered the bailiff to swear in the translator. The court then conducted a Crim.R. 11(C) colloquy with appellant through the translator, determined that appellant's pleas were knowing, intelligent and voluntary, and found appellant guilty of the charged offenses and specifications. The following day, the case proceeded to sentencing at which appellant was sentenced to 12 years in prison. In particular, the court imposed four concurrent terms of 10 years incarceration on Counts 1, 3, 4 and 5 imposed a concurrent term of six months imprisonment on Count 6, and imposed five additional terms of two years imprisonment on the major drug offender specifications, those terms to run concurrently to each other but consecutive to the terms imposed for the underlying offenses.
 {¶ 6} Appellant appealed from his convictions and sentences but also filed a motion for postconviction relief and to vacate his no contest plea. In his motion to withdraw his plea, appellant asserted that he did not completely understand the interpreter used during the plea hearing because she was from Cuba and did not speak his Mexican dialect. In his affidavit which he attached to the motion, appellant asserted that he was surprised by his sentence in that he understood he would be sentenced to about four years imprisonment. The trial court denied appellant's motion for postconviction relief and to vacate his no contest plea. Appellant, however, did not file a notice of appeal from that judgment. Accordingly, we do not have jurisdiction to review the second assignment of error and the only issue before this court is that raised in appellant's first assignment of error.
 {¶ 7} Appellant asserts that the trial court erred in accepting his no contest plea because the translator spoke Cuban Spanish, not Mexican Spanish, and the court failed to ascertain that appellant made a knowing and voluntary waiver of his rights.
 {¶ 8} Before accepting a no contest plea, a trial court must substantially comply with the dictates of Crim.R. 11(C). State v. Nero
(1990), 56 Ohio St.3d 106, 108, citing State v. Stewart (1977),51 Ohio St.2d 86. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Id. Crim.R. 11(C)(2) provides: "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 9} Upon a review of the transcript from the plea hearing, we must conclude that the trial court substantially complied with Crim.R. 11(C) in accepting appellant's no contest pleas. Through the translator, initially, the court asked appellant his age and educational background. The court then asked appellant if he spoke English, to which appellant answered "no." The court then asked appellant if he was able to understand the translator. Appellant responded "yes." The court then questioned appellant regarding his understanding of the offenses to which he was pleading no contest:
 {¶ 10} "Q. Now, are you intending to plead no contest to five criminal charges?
 {¶ 11} "A. Yes.
 {¶ 12} "Q. Do you understand that you are pleaing [sic] no contest to four charges of trafficking in cocaine?
 {¶ 13} "A. Yes.
 {¶ 14} "Q. I'm sorry that's not correct. You are pleaing [sic] no contest to 3 charges of possession of cocaine?
 {¶ 15} "A. Yes.
 {¶ 16} "Q. And you are also pleaing [sic] no contest to one charge of trafficking in cocaine?
 {¶ 17} "A. Yes.
 {¶ 18} "Q. And then you are pleaing [sic] no contest to one charge of possessing criminal tools?
 {¶ 19} "A. Yes."
 {¶ 20} Appellant asserts that his affirmation of the trial court's misstatement of the charges to which he was pleading no contest demonstrates that he did not understand the translator or the proceedings against him.
 {¶ 21} We first note that at no point did appellant or his counsel object to the translator's qualifications or indicate in any way that appellant did not understand her. Additionally, there is nothing in the record to support appellant's assertion that the translator spoke Cuban Spanish, a dialect which appellant did not understand. Accordingly, appellant has waived the right to challenge the translator's qualifications on appeal. State v. Rosa (1988), 47 Ohio App.3d 172.
 {¶ 22} Assuming arguendo that appellant was confused by the court's initial misstatement regarding the charges to which he was pleading no contest, the transcript of the remainder of the hearing reveals that the court made it clear that appellant was pleading no contest to three counts of possession of cocaine and one count of trafficking in cocaine. Furthermore, the record reveals that the no contest plea forms which appellant signed were explained to him by the translator. The court's explanation of appellant's rights and those forms clearly state the offenses to which appellant was pleading no contest and the maximum possible prison time appellant was facing. Finally, when asked by the court if he had any questions, appellant responded "no."
 {¶ 23} Based on the totality of the circumstances, we conclude that appellant subjectively understood the implications of his no contest pleas and the rights he waived upon entering those pleas. Accordingly, the trial court did not err in accepting those pleas and the first assignment of error is not well-taken.
 {¶ 24} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.