{32} Because I disagree with my colleagues' analysis in two respects, I concur in judgment only.
{33} First, I take issue with the majority's unsupported conclusion in ¶ 21 that, because Appellant was not sworn in at the December 12th hearing, any arguments made by Appellant were merely that, arguments; it may not be considered as evidence.
{34} What I find most disturbing about the majority's conclusion is the fact that the Ohio Supreme Court, along with every other district in the State of Ohio, including this one, have reached a much different conclusion, where as here, no objection to the testimony was raised in the trial court.
{35} Pursuant to a previous decision by this court.
{36} "[t]he rule is well established that a party may not, on appeal, raise a claim that the oath of a witness was omitted unless objection thereto was made at trial since, if no objection was made, any alleged error is considered waived. State v. Rosa
(1988), 47 Ohio App.3d 172, citing Stores Realty Co. v.Cleveland Board of Building Standards and Building Appeals
(1975), 41 Ohio St.2d 41." State v. Palmer (Aug. 29, 1996), 7th Dist. No. 89-B-28 at 11. See also Wurzelbacher v. Theimann andHamilton County Board of Zoning Appeals (June 26, 1996), 1st Dist. No. C-950607; Harlamert v. City of Oakwood (June 16, 2000) 2d Dist. No. 17983; Wall v. McMillan (Mar. 5, 2002), 3d Dist. No. 17-01-11; Knece v. Norway (Feb. 22, 2000), 4th Dist. No. 98CA41; In re Rutherford (Mar. 5, 1994), 5th Dist. No. 94-CA-91; Leonard H., In re, (Jan. 26, 2001), 6th Dist. No. L-00-1258; Eakle v. Cuyahoga County Metropolitan HousingAuthority (July 25, 1996), 8th Dist. No. 69965. Kilby v. Cityof Akron (Mar. 6, 1991), 9th Dist. No. 14760; Stanger v. Cityof Worthington (Sept. 23, 1997), 10th Dist. No. 96APE12-1622;Bailey, Matter of (May 5, 1995), 11th Dist. No. 94-T-5113;Parker v. Village of New Paris, Ohio (Apr. 29, 1996), 12th Dist. No. CA95-10-024.
{37} Thus, the overwhelming precedent is that any error in admitting unsworn testimony is waived if not raised in the trial court. Moreover, the majority has been particularly improvident by sua sponte raising this alleged error because it has no real effect on the outcome of this case. All of Appellant's unsworn testimony merely echoes that of his former sworn testimony presented to the magistrate. Regardless of the fact that the majority's mistake is unaffecting of the outcome and merely advisory dicta, this writer wanted to clarify the law in Ohio in this issue.
{38} The next problem I must address, which is not obvious from the majority's opinion, mainly because the majority was so discriminating when choosing which facts were relevant to the resolution of this appeal, is the issue of Appellant's imputed income. Where the majority notes in ¶ 25 of the opinion that Appellant's moving expense was presumably a one-year occurrence, I would further conclude that Appellant's retention bonus was also a one-year occurrence and therefore not part of Appellant's gross income.
{39} Although the majority acknowledges that Appellant received a bonus in the year 2000, what they fail to either mention or further analyze is that Appellant's testimony indicates this bonus was for his retention as a manager after his company was sold to another. This type of bonus by definition could only occur at the time of the sale of Appellant's company and would neither be sustainable nor recurring. Appellant's testimony that this was solely a retention bonus is further bolstered by the fact that Appellant did not receive any bonus income the following year. More importantly, this testimony was never rebutted by the Appellee.
{40} Accordingly, upon remand, I would instruct the trial court to decrease Appellant's imputed gross income not only by the one year moving expense allotment, but also by the amount of the one-year retention bonus for the purpose of calculating support.