OPINION
{¶ 1} Defendant-appellant, Jeffrey N. Newcomb (hereinafter "appellant"), appeals from the judgment of the Franklin County Court of Common Pleas finding him guilty of one count of sexual battery, in violation of R.C. 2907.03. For the following reasons, we affirm in part and reverse in part the judgment of the trial court.
 {¶ 2} On July 23, 2001, fourteen-year-old, Rosetta Swartz (hereinafter "Swartz"), was dropped off by her uncle at the Ohio School for the Deaf (hereinafter "OSD") to spend the night in one of the residential buildings on campus.[1] During the evening, Swartz attended a party being held on campus. Appellant, who was nineteen at the time, was present at the party. All the individuals present at the party were deaf and either current or former students of OSD.
 {¶ 3} Appellant purchased beer for the party and provided some of the beer to Swartz. After consuming approximately six bottles of beer, Swartz was intoxicated and experiencing dizziness. As such, she went into Willis Cook's bedroom to lay down on his bed.
 {¶ 4} While she was laying down, appellant entered the room. He physically restrained Swartz, who screamed. Cook came into the bedroom, turned on the light, and observed appellant with his pants down, lying on Swartz's back. Additionally, he saw that Swartz's pants were completely off. Swartz went to the bathroom and, subsequently, stated appellant anally raped her.
 {¶ 5} OSD staff took Swartz to the hospital. She refused to be examined or talk about what occurred. Afterwards, she retuned to her uncle's house. She continued to experience physical discomfort and sought medical treatment. Eventually, Swartz told Ohio State Patrol officers what occurred.
 {¶ 6} On July 29, 2002, the Franklin County Grand Jury indicted appellant, charging him with one count each of the following: rape, kidnapping, sexual battery, gross sexual imposition, and corruption of a minor.
 {¶ 7} On January 16, 2003, appellant entered a plea of guilty to one count of sexual battery, in violation of R.C. 2907.03. The trial court took appellant's plea thru the assistance of interpreter Anne Bennett.[2] Bennett executed an interpreter's oath on Janaury 16, 2003, which was filed on January 29, 2003.
 {¶ 8} Upon application of plaintiff-appellee, the State of Ohio (hereinafter "appellee"), the trial court entered a nolle prosequi as to the remaining counts of the indictment. The trial court ordered a pre-sentence investigation report (hereinafter "PSI") and scheduled sentencing for a later date.
 {¶ 9} On March 14, 2003, the trial court sentenced appellant to four years. This sentence was greater than the minimum for a felony of the third degree. The PSI indicated appellant had not previously served a prison term.
 {¶ 10} On April 24, 2003, appellant filed a pro se motion for leave to file a delayed appeal. On June 17, 2003, this court granted appellant's motion.
 {¶ 11} While his direct appeal was pending, on August 18, 2003, appellant filed in the trial court a pro se motion to vacate or set aside sentence and to withdraw his guilty plea. On August 29, 2003, the trial court denied appellant's motion. The trial court noted appellant filed a notice of appeal and it could not interfere with this court's exercise of jurisdiction. On September 29, 2003, appellant filed a notice of appeal.
 {¶ 12} On October 9, 2003, this court sua sponte consolidated appellant's direct appeal with his appeal pertaining to the denial of his motion to withdraw his guilty plea.
 {¶ 13} Appellant asserts the following assignments of error in his direct appeal:
[1.] The trial court committed plain error in failing to comply with R.C. 2311.14, Evid.R. 603, Evid.R. 604, Evid.R. 702, and Crim.R. 11.
[2.] Appellant was denied the effective assistance of trial counsel.
[3.] The trial court erred in imposing a four-year prison sentence upon appellant without sufficiently complying with the legislative felony-sentencing scheme.
 {¶ 14} Appellant asserts the following assignments of error in his appeal pertaining to his motion to withdraw his guilty plea:
[4.] The trial court erred in summarily denying appellant's pro se motion to withdraw his guilty plea when it should have stayed such proceedings pending the outcome of appellant's direct appeal.
[5.] The trial court erred in summarily denying appellant's pro se motion to withdraw his guilty plea because it should have been granted based upon its merits.
 {¶ 15} To prevent confusion, we shall refer to the assignments of error in the appeal pertaining to appellant's motion to withdraw his guilty plea as the fourth and fifth assignments of error, respectively.
 {¶ 16} We begin our discussion by examining appellant's assignments of error in his direct appeal. In his first assignment of error, appellant argues the trial court committed plain error by failing to comply with the mandatory requirements of R.C. 2311.14, Evid.R. 603, 604, 702 and Crim.R. 11. Specifically, it is alleged the trial court erred in failing to administer an oath to the interpreter[3] and failing to ascertain and make a record of the interpreter's qualifications as an expert. Further, appellant challenges the adequacy of the interpreter's interpretation.
 {¶ 17} The procedural requirements a trial court must follow in order to accept a guilty plea consistent with the constitutional protections afforded a defendant are set forth in Crim.R. 11(C)(2), which states, in relevant part:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 18} R.C. 2311.14, regarding the appointment of an interpreter, states, in relevant part:
(A)(1) Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person. * * *
* * *
(B) [b]efore entering upon official duties, the interpreter shall take an oath that the interpreter will make a true interpretation of the proceedings to the party or witness, and that the interpreter will truly repeat the statements made by such party or witness to the court, to the best of the interpreter's ability. * * *
 {¶ 19} Additionally, Evid.R. 604, pertaining to interpreters, states, "[a]n interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation that he will make a true translation."
 {¶ 20} With respect to the administration of the oath or affirmation, Evid.R. 603, states, "Before testifying, every witness shall be required to declare that he will testify truthfully, by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so."
 {¶ 21} As stated above, Evid.R. 604 mandates an interpreter must qualify as an expert, pursuant to Evid.R. 702, which provides as follows:
A witness may testify as an expert if all of the following apply:
(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
(C) The witness' testimony is based on reliable scientific, technical, or other specialized information. To the extent that the testimony reports the result of a procedure, test, or experiment, the testimony is reliable only if all of the following apply:
(1) The theory upon which the procedure, test, or experiment is based is objectively verifiable or is validly derived from widely accepted knowledge, facts, or principles;
(2) The design of the procedure, test, or experiment reliably implements the theory;
(3) The particular procedure, test, or experiment was conducted in a way that will yield an accurate result.
 {¶ 22} Appellant concedes his trial counsel did not raise any alleged impropriety with respect to the trial court's alleged failure to administer an oath to the interpreter and to qualify the interpreter as an expert witness and did not object to the adequacy of the translation by the interpreter. The failure to object in the trial court results in a waiver of the requirements to administer an oath to the interpreter, State v. Esqueda
(September 30, 1996), Franklin App. No. 96APA01-118, citingState v. Rosa (1988), 47 Ohio App.3d 172, 174, and to qualify the interpreter as an expert witness. Id. at 175. Similarly, the failure to object to the adequacy of the translation at the trial court constitutes a waiver of the alleged error. Esqueda,
citing State v. Rivera (1994), 99 Ohio App.3d 325, 332.
 {¶ 23} Notwithstanding appellant's waiver of the aforementioned alleged errors, we are able to examine the issues pursuant to the "plain error" standard. Crim.R. 52(B). To constitute plain error:
"The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects "`the fairness, integrity or public reputation of judicial proceedings.'" State v. Tichon
(1995), 102 Ohio App.3d 758, 767, citing State v. Craft (1977),52 Ohio App.2d 1, 7, quoting United States v. Atkinson (1936),297 U.S. 157, 160, 56 S.Ct. 391, 392.
 {¶ 24} The alleged failure to administer the oath does not constitute plain error. There is no evidence in the record or presented by appellant that the interpreter failed to either make a truthful interpretation of the proceedings to appellant or truly repeat the statements made by appellant to the court, to the best of the interpreter's ability. As such, any alleged error in failing to administer the oath to the interpreter does not affect the fairness, integrity, or public reputation of appellant's plea. As such, plain error is not present.
 {¶ 25} Also, the alleged failure to qualify the interpreter as an expert witness does not constitute plain error. There is no evidence which indicates the interpreter was not qualified to interpret American sign language. As such, the fact the interpreter was not qualified as an expert witness does not undermine or call into question the fairness, integrity, or public reputation of appellant's plea.
 {¶ 26} Our final examination involves appellant's challenge to the adequacy of the translation. State v. Pina (1975),49 Ohio App.2d 394, 399, provides guidance on this issue. Pina
involved the translation of guilty pleas for three immigrant gypsies who did not speak English. The Pina court described the translation process as involving:
[E]ach question [being] presented off the record to the three defendants who enter[ed] into a huddle with the interpreter, who thereupon report[ed] back to the court the conclusion that "they understand" or "they agree."
 {¶ 27} The court determined this process provided "a total lack of evidence in the record upon which the court may reach a factual conclusion" as to whether the defendants understood the proceedings and knowingly plead guilty. Id. As such:
While considerable latitude exists as to the method of translation and the refusal of the court to obtain a full translation of the answers of the witness may not necessarily constitute a fatal error, when a plea of guilty is accepted in a criminal case it is our opinion that it is prejudicial error not to require a translation and record of what the defendant says or to accept the conclusion of the interpreter that the message of the court has been conveyed, the defendant understands and pleads guilty.
Id.
 {¶ 28} In this matter, the glaring errors with the translation process in Pina are not present. The record reflects an interpreter was present and assisted appellant in his guilty plea. Moreover, the record reflects the trial court addressed appellant personally and appellant, through the interpreter, responded. As such, contrary to Pina, the translation was adequate. Therefore, the method of translation employed in this matter does not undermine or call into question the fairness, integrity, or public reputation of appellant's plea.
 {¶ 29} Notwithstanding our foregoing analysis, better practices could be employed when an interpreter is necessary to assist a defendant. In addition to the execution of a written oath by the interpreter, which should occur prior to the hearing, and subsequent filing with the trial court, the administration of the oath by the trial court to the interpreter should be reflected in the transcript prior to the commencement of the hearing. Additionally, the trial court should confirm the interpreter's qualifications and, if necessary, qualify the interpreter as an expert witness. Finally, the transcript should reflect when the interpreter is interpreting to the defendant and when the defendant is conversing with the interpreter. The record should reflect the fact all statements made during the hearing were properly conveyed to the defendant by the interpreter and that the defendant's responses to the interpreter were conveyed to the court.
 {¶ 30} Accordingly, appellant's first assignment of error is hereby overruled.
 {¶ 31} In his second assignment of error, appellant argues he was denied effective assistance of counsel. Specifically, appellant maintains trial counsel failed to object to the manner in which the proceedings were conducted, vis-à-vis the interpreter, as set forth in greater detail above. Further, appellant asserts counsel remained silent when the trial court found his plea to be voluntary, but made no finding it was knowing and intelligent. Accordingly, appellant contends the evidence demonstrates he was prejudicially affected by his counsel's failure to ensure a knowing, intelligent, and voluntary plea and waiver of profound rights of constitutional significance.
 {¶ 32} A properly licensed attorney in Ohio is presumed competent. Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301. As such, the appellant bears the burden of proving ineffectiveness.State v. Smith (1981), 3 Ohio App.3d 115.
 {¶ 33} In scrutinizing counsel's performance, a court must be highly deferential. Strickland v. Washington (1984),466 U.S. 668, 689, 104 S.Ct. 2052. Furthermore, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Id.
 {¶ 34} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance." State v.Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To demonstrate prejudice, appellant must establish there exists a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id., paragraph three of the syllabus.
 {¶ 35} Upon consideration, we conclude appellant fails to demonstrate he was prejudiced by the alleged deficiencies in trial counsel's performance. While appellant's counsel casts aspersions, there is no evidence in this record to support those assertions. As discussed above, the record is devoid of any evidence to support a finding the interpreter did not give a truthful interpretation of the proceedings to appellant or did not truthfully repeat the statements made by appellant to the court. Further, there is no evidence which indicates the interpreter was not qualified to interpret American sign language. As such, there does not exist a reasonable probability that, but for trial counsel's alleged errors, the result of the trial would have been different.
 {¶ 36} Accordingly, appellant's second assignment of error is overruled.
 {¶ 37} In his third assignment of error, appellant contends the trial court failed to sufficiently comply with the felony sentencing guidelines in imposing a four year prison sentence. Appellant maintains a review of the record reveals the difficulty in discerning whether the trial court complied with the applicable sentencing considerations.
 {¶ 38} Pursuant to R.C. 2929.14, if a trial court imposes a prison sentence upon a defendant who has not previously served a prison term, the court:
B. [S]hall impose the shortest prison term authorized for the offense * * * unless:
* * *
(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 39} Recently, in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, the Supreme Court of Ohio examined what is required of a trial court when it imposes a sentence upon a defendant pursuant to R.C. 2929.14(B)(2). The Comer court concluded, when imposing a nonminimum sentence on a first offender, pursuant to R.C. 2929.14(B)(2), "a trial court is required to make its statutorily sanctioned findings at the sentence hearing." Id., at paragraph two of the syllabus.
 {¶ 40} In this matter, the PSI indicates appellant had not previously served a prison term. As such, when the trial court imposed a four-year prison sentence, which is greater than the minimum for a third degree felony, the trial court was required to make the statutorily sanctioned findings of R.C. 2929.14(B)(2) at the sentencing hearing. An examination of the record reveals the trial court failed to do so. At sentencing, the trial court stated:
This is a very difficult case obviously for everyone. But it was a violent case. Started out not so violent, I suppose, with my understanding of what you call sexual activity took place, may have been just simply kissing. But this girl was 14 years old, and that should have been obvious not to the specific date but the fact that she was a very young child.
I'm required to impose the sentence that complies with the purposes and principles of the sentencing guidelines. Sexual offenses such as these are looked upon with great seriousness. The sentence was — rather, the level of crime because of the various factors was reduced from a Felony One to a Felony Three and acknowledge a Felony Three is at the discretion of the Court as to what the appropriate sentence should be. This is a serious offense, as I say. It's a violent offense. The sentence I impose is four years incarceration at the Department of Corrections[.] Jail time credit is I have 203 days.
(Tr. at 16-17.)
 {¶ 41} As such, the trial court failed to address the statutorily sanctioned findings that the "shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B)(2).
 {¶ 42} Accordingly, appellant's third assignment of error is hereby sustained.
 {¶ 43} In his fourth assignment of error, appellant asserts the trial court erred in summarily denying appellant's pro se motion to withdraw his guilty plea when it should have stayed such proceedings pending the outcome of appellant's direct appeal. In response, appellee concedes the trial court had jurisdiction to consider what it terms appellant's post-conviction pleadings. However, appellee maintains, contrary to appellant, a stay was unnecessary as the post-conviction statute provides guidance for the procedures to be followed in these instances. As such, appellee maintains this matter should be remanded to the trial court to consider appellant's post-conviction pleadings.
 {¶ 44} As conceded by appellee, the trial court had jurisdiction to consider appellant's motion to withdraw his guilty plea. However, it bears clarifying that, pursuant toState v. Bush, 96 Ohio St.3d 235, 2002-Ohio-3993, syllabus, "R.C. 2953.21 and 2953.23 do not govern a Crim.R. 32.1 postsentence motion to withdraw a guilty plea." As such, contrary to appellee's assertion, the post-conviction statute does not provide guidance with respect to appellant's motion to withdraw his guilty plea.
 {¶ 45} Accordingly, appellant's fourth assignment of error is hereby sustained.
 {¶ 46} Moreover, as appellant's fourth assignment of error has been sustained, appellant's fifth assignment of error is hereby rendered moot.
 {¶ 47} In conclusion, the alleged errors pertaining to the utilization of an interpreter in taking appellant's plea did not constitute plain error as appellant failed to demonstrate the alleged errors affect the fairness, integrity, or public reputation of appellant's plea. Moreover, appellant's trial counsel was not ineffective as there does not exist a reasonable probability that, but for trial counsel's alleged errors, the result would have been different. However, the trial court erred by failing to address the statutorily sanctioned findings, pursuant to R.C. 2929.14(B)(2), when it sentenced appellant. Finally, the trial court erred in concluding it lacked jurisdiction to consider appellant's post-conviction pleadings.
 {¶ 48} Accordingly, appellant's first and second assignments of error are overruled and the fifth assignment of error is rendered moot. Appellant's third assignment of error is sustained and remanded to the Franklin County Court of Common Pleas for re-sentencing consistent with this opinion. Appellant's fourth assignment of error is sustained and remanded to the Franklin County Court of Common Pleas for consideration of appellant's post-conviction pleadings.
Judgment affirmed in part; reversed in part, and cause remanded.
Bryant and Brown, JJ., concur.
[1] Swartz's uncle received permission for his niece to stay the night from an OSD employee. However, this employee did not have authority to grant such permission.
[2] Another interpreter, Kathy Morgan, executed the oath on January 16, 2003 along with Bennett. However, as the transcript for January 16, 2003, states, Bennett was the interpreter who interpreted the trial court's and appellant's statements during the plea hearing, we will refer only to Bennett.
[3] As Bennett executed an oath, which was filed, we assume appellant's argument focuses on the fact the transcript does not reflect that the oath was properly administered.