[Cite as *State v. Cedeno-Guerrero*, 2019-Ohio-4580.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                              No. 108097

v. :

SANTOS CEDENO-GUERRERO, :

    Defendant-Appellant. :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 7, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-617546-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Fallon Radigan, Assistant Prosecuting Attorney, *for appellee.*

Charles Ruiz-Bueno Co., L.P.A., and J. Charles Ruiz-Bueno, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Santos Cedeno-Guerrero, appeals his convictions. For the reasons that follow, we affirm.

{¶ 2} In June 2017, Cedeno-Guerrero was named in a four-count indictment charging him with one count of rape with a furthermore clause that the victim was less than ten years old; two counts of gross sexual imposition; and one count of kidnapping with a sexual motivation specification.

{¶ 3} On September 18, 2018, Cedeno-Guerrero pleaded guilty to one count of gross sexual imposition, and an amended count of rape in violation of R.C. 2907.02(A)(2), which reduced the sentence from a life sentence to a definite sentence of three to eleven years. All other counts were nolled by the state. The trial court sentenced him to a total prison term of ten years — ten years for the rape offense and 36 months for the gross sexual imposition charge; the sentences were ordered to be served concurrently.

{¶ 4} Cedeno-Guerrero now appeals, raising two assignments of error.

I. Interpreter Credentials

{¶ 5} In his first assignment of error, Cedeno-Guerrero contends that the trial court committed plain error by sentencing him without certifying on the record the credentials of the interpreter.

{¶ 6} First, where no objection is raised, it has been held that such failure results in a waiver to challenge the qualifications of the interpreter and adequacy of the translation. *See, e.g., State v. Newcomb*, 10th Dist. Franklin Nos. 03AP-404 and 03AP-961, 2004-Ohio-4099, ¶ 22. Notwithstanding any waiver argument, we review for plain error, which must have been an "obvious" defect in the proceedings

that affected the defendant's "substantial rights." Crim.R. 52(B). We find no plain error.

{¶ 7} Cedeno-Guerrero's primary language is Spanish; accordingly, a Spanish-speaking interpreter was utilized in the case. Prior to Cedeno-Guerrero entering into a plea of guilty pursuant to the plea agreement, the trial court pursuant to Sup.R. 88, placed the interpreter under oath, inquired about her credentials, and found that she was properly certified. No objection was raised by counsel. Thereafter, Cedeno-Guerrero entered pleas of guilty pursuant to the plea agreement. The matter was continued for sentencing for the preparation of a presentence-investigation report.

{¶ 8} In November 2018, at sentencing, a Spanish-speaking interpreter was also utilized; however, the interpreter was not the same one that translated for Cedeno-Guerrero during his plea. Although the interpreter was placed under oath, the record does not reflect that the trial court inquired about the credentials. No objection was raised by the parties.

{¶ 9} During sentencing, the trial court noted that during Cedeno-Guerrero's interview in preparation of the presentencing report, he indicated (through the use of an interpreter) that he did not commit the acts he pleaded to, but only pleaded based on legal advice that "it is hard to beat the word of a child," and that he pleaded just "to get this case over with." (Tr. 35-36.) As a result, the trial court wanted to discuss this development with the parties. Cedeno-Guerrero confirmed that he, in fact, made this statement. This caused concern for the court

and it specifically questioned him whether he wanted to withdraw his plea. According to the record, Cedeno-Guerrero did "not want to withdraw [his] plea." (Tr. 36.) Both defense counsel and the state did not believe any further clarification was needed. (Tr. at *id.*) However, defense counsel asked for time to confer with Cedeno-Guerrero. Following this off-the-record discussion, the trial court stated that the reason it asked if additional clarification was needed regarding Cedeno-Guerrero's statement was based on the legal differences in attempting to withdraw a plea prior to or after sentencing. The trial court thoroughly explained to Cedeno-Guerrero the difference and asked whether he understood that difference. Cedeno-Guerrero stated he understood and still wished to proceed with sentencing. (Tr. 37-38.)

{¶ 10} On appeal, Cedeno-Guerrero does not challenge that he did not enter a knowing, intelligent, and voluntary plea, but argues that the lack of verification or certification of the interpreter somehow inhibited his ability to withdraw his plea and caused him to not understand the sentence that would be imposed. We fail to see the connection.

{¶ 11} R.C. 2311.14, Evid.R. 604, and Sup.R. 88 govern the appointment of and certification requirements for foreign language interpreters. They provide under what circumstances a court should appoint a foreign language interpreter for either a party or witness. R.C. 2311.14(A); Sup.R. 88(A). Subsection (D) of Sup.R. 88 "provides a hierarchy for preferred candidates: (1) a Supreme Court of Ohio certified foreign language interpreter; (2) a provisionally-qualified foreign language

interpreter; (3) a language-skilled foreign language interpreter; and (4) telephonic interpreter." *State v. Gaspareno*, 2016-Ohio-990, 61 N.E.3d 550, ¶ 63 (3d Dist.), citing Sup.R. 88(D)(1)-(4). The court shall administer an oath or affirmation to a foreign language interpreter that the interpreter will make an accurate and true interpretation. R.C. 2311.14(B); Sup.R. 88(I).

{¶ 12} In this case, Cedeno-Guerrero has failed to establish how he was prejudiced by the trial court's failure to certify the interpreter's credentials. He does not contend that he was unable to communicate with or understand the interpreter's translation, or that this lack of certification prevented him from understanding the sentence imposed. As recognized by the Tenth District, "the sentencing hearing is procedurally distinct from the trial phase of the proceedings since concerns related to the adversarial process are not present at sentencing." *State v. Barrie*, 2016-Ohio-5640, 70 N.E.3d 1092, ¶ 42 (10th Dist.), citing *State v. Dunbar*, 3d Dist. Allen No. 1-92-12, 1992 Ohio App. LEXIS 5567 (Nov. 5, 1992). Although Cedeno-Guerrero entered a plea rather than have a trial, the same procedural concerns are present, and we note that during the plea stage, the trial court certified the qualifications and credentials of the interpreter.

{¶ 13} At sentencing when he was specifically asked, Cedeno-Guerrero unequivocally stated he did not want to withdraw his plea, and wanted to proceed with sentencing. Additionally, despite the assertions made during the presentence interview, Cedeno-Guerrero did not file any formal request to withdraw his plea prior to sentencing.

{¶ 14} Moreover, Cedeno-Guerrero has presented no evidence or even made any assertion that the interpreter at sentencing was in fact not qualified or lacked the appropriate credentials or certifications. Additionally, Cedeno-Guerrero has not presented any evidence that the interpreter did not adequately or properly translate the proceedings or that he misunderstood the translations given by the interpreter. Finally, the record reflects that at no time did Cedeno-Guerrero or his counsel indicate that he did not understand the proceedings. Accordingly, Cedeno-Guerrero has failed to overcome his burden of showing an obvious error in the proceedings. *See, e.g., Gaspareno*, 2016-Ohio-990, 61 N.E.3d 550 (trial court's failure to qualify the credentials of the interpreter did not rise to the level of plain error because defendant did not present evidence that the interpreter was not qualified). Any error, if at all, does not rise to the level of plain error.

{¶ 15} The first assignment of error is overruled.

## II. Excessive Sentence

{¶ 16} Cedeno-Guerrero contends in his second assignment of error that the trial court committed prejudicial error by sentencing him to an excessive prison term.

{¶ 17} We review felony sentencing using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under

R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 18} As long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, a trial court's imposition of a any prison term, even a maximum prison term, for a felony conviction is not contrary to law. *State v. Woodard*, 8th Dist. Cuyahoga No. 106300, 2018-Ohio-2402, ¶ 35; *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 10, 16.

{¶ 19} R.C. 2929.11(A) provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing: (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. The sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 20} The sentencing court must consider the seriousness and recidivism factors set forth in R.C. 2929.12 in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025. R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the

seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 21} R.C. 2929.11 and 2929.12 are not fact-finding statutes and thus, the trial court is not required to use particular language or make specific findings on the record regarding its consideration of those factors. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381; *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29. Consideration of the appropriate factors can be presumed unless the defendant affirmatively demonstrates otherwise. *Jones* at ¶ 13, citing *State v. Stevens*, 1st Dist. Hamilton No. C-130278, 2013-Ohio-5218. "Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12." *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 72, citing *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112.

{¶ 22} In this case, Cedeno-Guerrero's ten-year prison sentence is not contrary to law. A violation of R.C. 2907.02(A)(2), rape, is a felony of the first degree that carries a possible punishment of three to eleven years, and a violation of R.C. 2907.05(A)(4), gross sexual imposition, is a felony of the third degree that carries a possible punishment of twelve to sixty months in prison. R.C. 2929.14(A)(1) and (3)(a). Accordingly, the trial court's imposition of a 36-month sentence on the gross sexual imposition charge, to run concurrently with a ten-year prison sentence on the rape offense, is within the statutory range and thus, not contrary to law.

{¶ 23} Cedeno-Guerrero contends on appeal that his sentence does not comport with the purposes and principles of felony sentencing pursuant to R.C. 2929.11 because he lacks a criminal record and is now subject to deportation due to his conviction. Accordingly, he contends that a minimum sanction would have been appropriate to protect the public from any future crime he may commit.

{¶ 24} Although the state requested that the trial court impose a maximum, consecutive prison sentence, the trial court found that the R.C. 2929.14(C)(4) factors were not met to satisfy the imposition of consecutive sentences. However, the record clearly reflects that the trial court fully considered the purposes and principles of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12 in ordering Cedeno-Guerrero to serve a ten-year prison sentence.

{¶ 25} The trial court carefully explained its considerations, including why the maximum sentence was not appropriate, by highlighting Cedeno-Guerrero's lack of criminal history and his immigration status, but also that the minimum sentence was not appropriate due to the nature of the crime and Cedeno-Guerrero's position of trust with the nine-year-old victim and the victim's family. The trial court stated it considered all the statements made by the parties and noted Cedeno-Guerrero's "heartfelt" statement. Nothing in the record indicates that the sentence was excessive. Accordingly, Cedeno-Guerrero has failed to demonstrate that his sentence is clearly and convincingly not supported by the record. The second assignment of error is overruled.

{¶ 26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR