[Cite as *State v. Smith*, **2020-Ohio-3666**.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                   No. 108793

    v.                               :

JAMES SMITH,                      :

    Defendant-Appellant.    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 9, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-631888-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anna M. Faraglia and Glen Ramdhan, Assistant Prosecuting Attorneys, *for appellee.*

Thomas Rein, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant James Smith ("Smith") appeals from his conviction and sentence for murder and tampering with evidence following a plea agreement. Because we find that the trial court properly addressed Smith's

competency, we do not find the trial court erred in accepting Smith's guilty plea. Additionally, we find that the trial court made the statutorily mandated consecutive sentence findings. We therefore affirm.

Procedural History and Substantive Facts

{¶ 2} On August 27, 2018, Smith was charged in a multiple-count indictment that included aggravated murder, murder, felonious assault, and tampering with evidence. Smith entered a not guilty plea. Upon the defendant's request, Smith was referred to the court psychiatric clinic for a competency evaluation.

{¶ 3} On November 8, 2018, the parties waived the hearing and stipulated to the court psychiatric clinic report. The court stated in its journal entry that on a former day, Smith was referred to the clinic for a competency evaluation. As noted in the court's journal entry, however, Dr. Friedman opined that "the defendant refused or was unable to cooperate with the evaluation," and therefore, Dr. Friedman was unable to render an opinion as to Smith's competency to stand trial. The court therefore ordered Smith to Northcoast Behavioral Healthcare Hospital ("Northcoast") for an inpatient competency evaluation.

{¶ 4} For reasons not apparent to this court, Northcoast's competency report is not contained within the court file on appeal. The prosecutor, however, reported that Dr. Adeyemi Marcus, a psychiatrist at Northcoast, evaluated Smith and produced a report dated December 28, 2018, finding Smith competent to stand trial.

{¶ 5} On January 15, 2019, the court held a pretrial. In its journal entry of January 23, 2019, the court noted that "both parties stipulate to psych findings." Five months later, on June 26, 2019, Smith withdrew his not guilty plea and entered a plea of guilty to Count 2 as indicted, murder in violation of R.C. 2903.02(A), a repeat violent offender specification, and a forfeiture specification. Smith also pleaded guilty to Count 6, tampering with evidence. The state agreed to nolle the remaining charges. Following the plea colloquy, the court found that Smith knowingly, voluntarily, and "with a full understanding of his rights" pleaded guilty, accepted Smith's guilty plea, and found him guilty. The parties waived a presentence investigation report ("PSI"), and the court scheduled sentencing for the following day.

{¶ 6} On June 27, 2019, the court held a sentencing hearing. Defense counsel reported there was no PSI but advised the court of "significant information contained in the file," referring the court to the competency report. While acknowledging that Smith was competent to stand trial, defense counsel advised the court that Smith "suffers from severe mental illness" and "severe health problems," the details of which are reportedly contained within the report.

{¶ 7} After hearing from Smith, defense counsel, and the prosecutor, the court noted that it considered "all of the information," all of the principles and purposes of felony sentencing, and all of the recidivism and seriousness factors. The court then imposed the following sentence: 15 years to life in prison on Count 2, murder; 5 years on the repeat violent offender specification; and

36 months on Count 6, tampering with evidence. The court made findings and ordered the sentence on each charge to be served consecutively, for an aggregate prison sentence of 23 years to life.

{¶ 8} Smith now appeals his conviction and sentence, assigning two errors for our review:

> (1) Appellant's rights were violated when he was convicted without ever having a competency hearing although he had been referred to the court psychiatric clinic; and
>
> (2) The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and H.B. 86.

## II. Competency

{¶ 9} In Smith's first assignment of error, he contends that his guilty plea must be vacated because "there is no indication in the record or on the docket that appellant was ever found competent after he was referred to the court psychiatric clinic." He further contends that although a competency report is noted, and the parties stipulated to the "psych findings," there is no evidence the report was made part of the record, that a hearing was held, or that the parties stipulated that Smith was competent to stand trial. Smith argues that his competency had therefore not been determined and his guilty plea must be vacated.

{¶ 10} Where the issue of a defendant's competency has been raised, "the trial court cannot make a reliable determination of the defendant's competency to enter a knowing, intelligent, and voluntary plea" without first determining the defendant's competency under R.C. 2945.37. *State v. Cruz*, 8th Dist. Cuyahoga

No. 93403, 2010-Ohio-3717, ¶ 17.  A defendant who is not competent to stand trial is not competent to enter a negotiated plea.  *Id.*, citing *State v. Bolin*, 128 Ohio App.3d 58, 61, 713 N.E.2d 1092 (8th Dist.1998).

{¶ 11} We note initially that in Ohio, competency to stand trial is presumed and the defendant bears the burden of proving his incompetency by a preponderance of the evidence.  *State v. Roberts*, 137 Ohio St.3d 230, 2013-Ohio-4580, 998 N.E.2d 1100, ¶ 89, citing R.C. 2945.37(G); *State v. Ingram*, 8th Dist. Cuyahoga Nos. 107587 and 107588, 2019-Ohio-2438, ¶ 6.  If the issue of a defendant's competency is raised, however, the court must hold a competency hearing.  *State v. Were*, 94 Ohio St.3d 173, 2002-Ohio-481, 761 N.E.2d 591, paragraph one of the syllabus; R.C. 2945.37(B).  And following the hearing, "if the court * * * finds that the defendant is competent to stand trial, the defendant shall be proceeded against as provided by law."  R.C. 2945.38(A).

{¶ 12} Either party may submit evidence on the issue of the defendant's competency, and a "written report of the evaluation of the defendant may be admitted into evidence at the hearing by stipulation[.] * * *"  R.C. 2945.37(E).  A stipulation is "'[a] voluntary agreement between opposing counsel concerning the disposition of some relevant matter so that evidence on the matter does not have to be introduced at the trial.'"  *State v. Hardley*, 8th Dist. Cuyahoga Nos. 88456 and 88457, 2007-Ohio-3530, ¶ 18, quoting *West's Legal Thesaurus/Dictionary* 716-717 (1985).  Where a defendant stipulates to competency, "a trial court need not hold a hearing pursuant to R.C. 2945.37(B) because a hearing is only needed to

introduce evidence rebutting the presumption of competency established in R.C. 2945.37(G)." *State v. Dienes*, 8th Dist. Cuyahoga No. 97578, 2012-Ohio-4588, ¶ 9, citing *State v. Smith*, 8th Dist. Cuyahoga No. 95505, 2011-Ohio-2400, ¶ 6. And the statute does not require the court to make specific findings on the record regarding a defendant's competency, "above and beyond the report itself." *Dienes* at ¶ 10.

{¶ 13} Here, defense counsel raised the issue of competency and Smith ultimately submitted to an evaluation at Northcoast. Although a copy of this report does not appear to be part of the appellate file, the record clearly shows that Smith was evaluated, defense counsel reviewed the competency report, and the parties stipulated to the psychiatrist's finding of Smith's competency.

{¶ 14} In its journal entry dated January 23, 2019, the court noted that "both parties stipulate to psych findings." Additionally, at the sentencing hearing, defense counsel expounded upon the report:

> Your Honor, we don't have a [PSI], but we do have significant information contained in the court file that I would like to bring to your attention.
>
> Mr. Smith is severely mentally ill, although he was competent to stand trial and understood these proceedings. He does suffer from severe mental illness, and has for many years. I'm not going to give details; they are contained in your report. In my discussions with him, despite mental illness, every time I spoke with him when I visited him in the jail, he expressed great, deep remorse for what happened * * *.
>
> I think you see in the competency report, he also has severe health problems. * * * I would ask that you take those into account when imposing your sentencing.

{¶ 15} Under these circumstances, we find that Smith's competency was properly addressed. Where an individual is presumed competent, the record demonstrates that the parties stipulated to the defendant's competency, and the court noted the parties' stipulation in its journal entry, the defendant's competency is no longer an issue that would preclude the trial court from making a reliable determination of the defendant's ability to enter a knowing, intelligent, and voluntary plea. The fact that the trial court's entry did not explicitly "find" Smith competent is of no consequence here.

{¶ 16} Smith's first assignment of error is overruled.

### III. Consecutive Sentences

{¶ 17} In his second assignment of error, Smith contends, in an effort to "preserve Appellant's rights," that the trial court failed to "make the appropriate findings to justify a consecutive sentence." He also argues, however, that although the court "set forth its findings" at the sentencing hearing, the court's journal entry is a mere "blanket statement," rather than the language actually used at sentencing.

{¶ 18} We review felony sentences under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Cedeno-Guerrero*, 8th Dist. Cuyahoga No. 108097, 2019-Ohio-4580, ¶ 17. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the record does not

support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶ 19} A consecutive sentence may therefore be challenged two ways:

> First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4). * * * Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4).

*State v. Johnson*, 8th Dist. Cuyahoga No. 102449, 2016-Ohio-1536, ¶ 7.

{¶ 20} Before imposing consecutive sentences, a trial court must make the findings mandated by R.C. 2929.14(C)(4) and incorporate those findings in the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37; *State v. Rapier*, 8th Dist. Cuyahoga No. 108583, 2020-Ohio-1611, ¶ 7. The failure to make the findings renders the imposition of consecutive sentences contrary to law. *State v. Gohagan*, 8th Dist. Cuyahoga No. 107948, 2019-Ohio-4070, ¶ 29.

{¶ 21} In making the consecutive sentence findings, a trial court is not required to state its reasons for imposing consecutive sentences, nor is it required to give a verbatim recitation of the language of R.C. 2929.14(C). *Bonnell* at ¶ 27, 29. Rather, "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 22} R.C. 2929.14(C)(4) provides that the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 23} Here, the trial court found that the repeat violent offender specification "is appropriate" because it is the second death that Smith has caused. The trial court also found that "consecutive prison terms are contemplated by the repeat violent offender specification and * * * are appropriate in this matter." The court further expressly stated that consecutive sentences

> [are] necessary to protect our community, sir; it's not disproportionate to what you've done in this case, and ** * I find that the harm is so great or unusual that no single term does not adequately reflect the seriousness of [your] conduct, and that [your] criminal history shows consecutive terms are needed to protect the public.

{¶ 24} The trial court therefore made all the requisite consecutive sentence findings.

{¶ 25} Moreover, the court incorporated the consecutive sentence findings in its sentencing entry, stating as follows:

> The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public, and that, defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by defendant.

{¶ 26} Smith argues that the language incorporated into the sentencing entry is not the language used at sentencing. There is no requirement, however, that the language used in making the consecutive sentence findings mirror the language contained in the sentencing entry. In *Bonnell*, the Ohio Supreme Court stated that a trial court must state the required findings as part of the sentencing hearing as a means to "afford[] notice to the offender and to defense counsel." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29. And "because a court speaks through its journal," the Supreme Court determined that "the court should also incorporate its statutory findings into the sentencing entry." *Id.* But the *Bonnell* court specifically stated that "a word-for-word recitation of the language of the statute is not required." *Id.* Moreover, even if a trial court failed to include such findings in its sentencing entry, this failure does not render the sentence contrary to law; rather, the error is merely "clerical" and may be corrected

by the court through a nunc pro tunc entry to reflect what actually occurred in open court. *Id.* at ¶ 30. The trial court's incorporation of slightly different language in its sentencing entry therefore did not constitute error.

{¶ 27} Because the trial court made the statutorily mandated consecutive sentence findings (and incorporated those findings into its sentencing entry), Smith's sentence is not contrary to law.

{¶ 28} Smith's second assignment of error is overruled.

{¶ 29} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

SEAN C. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR