[Cite as *State v. Jones*, 2025-Ohio-5526.]

COURT OF APPEALS OF OHIO

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 115113 |
| v. | : | |
| LAVELLE JONES, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 11, 2025

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-698720-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary Grace Tokmenko, Assistant Prosecuting Attorney, *for appellee.*

W. Scott Ramsey, *for appellant.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant Lavelle Jones ("Jones") appeals his sentence for receiving stolen property and fraudulent actions concerning a vehicle-identification number ("VIN"). He claims that the trial court erred by imposing

consecutive prison sentences, arguing that the record does not clearly and convincingly support the court's findings in support of consecutive sentences.

{¶ 2} After a thorough review of the applicable law and facts, we find no merit to Jones's argument and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} Jones was indicted on two counts of receiving stolen property and five counts of fraudulent actions concerning a VIN. The charges stemmed from Jones's action in "Frankensteining" a vehicle, which was described by the prosecutor as putting high-end, stolen parts on a mid-level vehicle. Jones was on parole from a federal case for related actions at the time that he was arrested for the above charges.

{¶ 4} Jones pled guilty to receiving stolen property and fraudulent action concerning a VIN. The remaining charges were nolled, and the court proceeded to sentencing.

{¶ 5} Jones was sentenced to 18 months on the receiving-stolen-property charge and 12 months on the charge of fraudulent action concerning a VIN, to be served consecutively. The court stated that it did not believe that a community-control sanction was appropriate because of the seriousness of the charges and the fact that Jones had been on federal parole when he committed the instant crimes.

{¶ 6} Jones then filed the instant appeal.

## II. Law and Analysis

{¶ 7} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to

protect the public from future crime or to punish the offender, (2) such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to Section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} Moreover, R.C. 2929.14(C)(4) and Crim.R. 32(A)(4) require the trial court to make statutory findings at the sentencing hearing prior to imposing consecutive sentences: "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 2014-Ohio-3177, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326 (1999). The trial court must also "incorporate its findings into its sentencing entry." *Id*. at ¶ 37.

{¶ 9} A consecutive sentence may be challenged in two ways. The defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. 2929.14(C)(4); or, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4).

*State v. Smith*, 2020-Ohio-3666, ¶ 19 (8th Dist.), citing *State v. Johnson*, 2016-Ohio-1536, ¶ 7 (8th Dist.).

{¶ 10} Here, Jones does not claim the trial court failed to make the statutorily mandated findings. Rather, he argues the record does not support the findings. Specifically, Jones challenges the trial court's findings that (1) consecutive sentences were necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences were not disproportionate to the seriousness of Jones's conduct. He argues that the record does not support these findings because he was a "21[-]year[-]old young man with one prior case on his criminal record" and the crimes to which he pled guilty were "nonviolent low[-]level felonies" for which there was a presumption of a community-control sentence.

{¶ 11} On appeal, a reviewing court must be able to ascertain evidence supporting the trial court's findings from the record before it. *State v. Wells*, 2021-Ohio-2585, ¶ 71 (8th Dist.), citing *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 2019-Ohio-528, ¶ 176 (8th Dist.), quoting *Bonnell* at ¶ 37.

{¶ 12} In the instant matter, the trial court made the following findings in support of consecutive sentences:

> Consecutive sentences are imposed because the Court believes it is necessary to protect the public from future crime and/or punish the offender and are not disproportionate to the seriousness of your

conduct. Additionally, the Court finds the offender committed one or more of the offenses while awaiting trial or sentencing or was under sanction or was under parole or post-release control for a prior offense and that the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender.

(Tr. 17-18.) Our review of the transcript reflects that the trial court engaged in the correct analysis.

{¶ 13} We further find that the record contains evidence to support the court's findings. The record reflects that Jones had been on parole for only seven months for federal convictions related to the sale or receipt of stolen vehicles and conspiracy to commit such acts. The State noted that Jones was "well-versed in the vehicle theft and re-VIN-ing schemes[]" and that Jones had been "part of a high-end vehicle theft and re-VIN-ing' scheme," which had led to the federal convictions. (Tr. 13.) The trial court stated that the federal case was "very serious" and that restitution in that case was $2,000,000. The State argued that Jones had not been deterred from criminal activity by the prior consequences.

{¶ 14} Jones's counsel acknowledged that it "looked bad" that Jones had been released from federal prison and was on parole at the time of the instant charges. (Tr. 15.) He further admitted that Jones had failed two urine screens but stated that Jones did apologize for that. (*Id.*) Jones's counsel maintained that Jones was a "20-year-old young man" and that he was "remorseful." (Tr. 14-15.)

{¶ 15} Jones addressed the court and stated that he apologized. However, he maintained that he did not purchase the vehicle knowingly and that nothing that he

did was illegal. (Tr. 16-17.) Jones waived a presentence investigation in this matter and did not offer any other information for the court to consider.

{¶ 16} The trial court was not required to provide specific reasons for its consecutive-sentence findings, but we can discern from the trial court's statements that it found Jones's prior federal convictions to be very serious and was troubled that Jones had engaged in similar criminal actions soon after his release from prison and while on parole.

{¶ 17} From our review of the transcript, we cannot clearly and convincingly find that the record does not support the trial court's findings in support of its imposition of consecutive sentences. Jones's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR